IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WASHINGTON INVESTMENT, LLC and
CMC COMPANY, LLC,

      Plaintiffs,

v.                            CIVIL ACTION NO. 1:22-CV-157
                                      (KLEEH)

NTHERM, LLC and
WEST PENN POWER,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS

Pending before the Court is the motion of the defendant, West Penn Power Company ("West Penn"), for a more definite statement [ECF No. 4], as well as the motion of the defendant, nTherm, LLC ("nTherm"), to dismiss the complaint or, alternatively, for a more definite statement [ECF No. 9]. The Defendants' motions are fully briefed and ripe for review. For the reasons that follow, the Court **GRANTS** West Penn's motion for a more definite statement. It also **GRANTS** nTherm's motion to the extent it seeks a more definite statement but **DENIES** the motion to the extent it seeks dismissal of the complaint.

### I.   Background

In their complaint, the plaintiffs, Washington Investment, LLC ("Washington Investment") and CMC Company, LLC ("CMC"), allege that they entered an agreement with West Penn, wherein it would

**WASHINGTON INVESTMENT, LLC ET AL.**                          **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

connect and supply electric services to their apartment complex.[1]

Id. at ¶ 8.   Contrary to its internal memorandum, West Penn required the Plaintiffs to purchase nonessential service equipment.  Id. at ¶¶ 14- 17.   Further, without permission, West Penn transferred the Plaintiffs' account to nTherm, who raised the cost of the electric services.  Id. at ¶¶ 9-12.   The Plaintiffs allege that they have been overcharged for labor, materials, and costs associated with their electric services and that the Defendants' actions delayed their ability to rent the apartment complex.  Id. at ¶¶ 24-27.   Based on these facts, the Plaintiffs commenced this action against the Defendants in the Circuit Court of Monongalia County, West Virginia on June 9, 2022, [ECF No. 1-1].   They assert three causes of action: (1) breach of contract, (2) violation of internal practices and breach of duty, and (3) negligence.  Id.

After timely removing the case to this Court based on diversity of citizenship, West Penn filed a motion for a more definite statement, contending that the Plaintiffs' claims are so vague that it cannot formulate a response [ECF No. 4].   It first points out that the Plaintiffs complaint fails to identify the agreement at issue [ECF No. 5 at 3-4].   If the agreement is a

---

[1] The facts are taken from the Complaint and are construed in the light most favorable to the Plaintiffs. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**WASHINGTON INVESTMENT, LLC ET AL.**                          **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

written contract, West Penn cannot respond without additional identifying information. Id. If the agreement is alternatively a utility tariff, West Penn contends that the Court lacks jurisdiction over this case because such disputes must be resolved by a state public service commission. Id. Second, West Penn asserts that the Plaintiffs have failed to indicate where the services underlying the complaint were to be performed. Id. at 4-5. This is essential to its defense because West Penn only provides electric services within the state of Pennsylvania, but the Plaintiffs are West Virginia entities. Id. Further, without a service address, West Penn does not know whether the Plaintiffs' claims arose in Pennsylvania or West Virginia, and which state law applies in this case. Id. For these reasons, West Penn requests that the Court require the Plaintiffs to "provide a more definite statement regarding the alleged agreement, to include, at the very least, a description of the date of the alleged agreement, whether it was reduced to writing, and the service address(es) to which it allegedly related." Id. at 4.

Shortly thereafter, nTherm filed its motion to dismiss the Plaintiffs' breach of contract and negligence claims or for a more definite statement [ECF No. 9]. It asserts that the Plaintiffs' breach of contract claim fails because the complaint does not contain any factual allegations to establish that an agreement

3

**WASHINGTON INVESTMENT, LLC ET AL.**                    **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

### MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS

between the Plaintiffs and nTherm existed or that nTherm's breached such agreement [ECF No. 10 at 4].  It similarly contends that the Plaintiffs' negligence claim fails because there are no facts in the complaint demonstrating that nTherm owed the Plaintiffs a duty. Id. at 4.  Alternatively, nTherm seeks a more definite statement for the same grounds raised by West Penn.

## II.  Standards of Review

### A.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal upon the grounds that a complaint does not "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).  A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility exists "when the plaintiff pleads

**WASHINGTON INVESTMENT, LLC ET AL.**                    **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555.

**B.    Federal Rule of Civil Procedure 12(e)**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) "must be read in conjunction with Rule 8," which requires that an affirmative pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir. 1973); Fed. R. Civ. P. 8(a)(2). A FRCP 12(e) motion is appropriate when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial as permitted by Rule 8(b) [. . .] in good faith or without prejudice to himself." Peters v. Coal River Mining, L.L.C., 2008 WL 11429442 at *3 (S.D.W. Va. 2008)(quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004)). It is "generally

**WASHINGTON INVESTMENT, LLC ET AL.**                    **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

left to the district court's discretion" to grant or deny such motions. Hodgson v. Virginia Baptist Hosp. Inc., 482 F.2d 821, 824 (4th Cir. 1972).

### III. Discussion

Pursuant to Federal Rule of Civil Procedure Rule 8, a complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction[;]" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).  Here, the Plaintiffs' allegations are too vague to satisfy this standard.

Although the complaint alleges that an agreement existed between the parties, it does not incorporate the agreement by reference or describe the agreement in any amount of detail.  It does not indicate when the agreement was made or what the terms of the agreement might have been.  The Defendants cannot be expected to defend against the alleged breach of an agreement that they cannot identify.  More crucially, the complaint does not indicate what type of agreement at issue which, as the Defendants explain, might impact the Court's ability to exercise jurisdiction over this case.

**WASHINGTON INVESTMENT, LLC ET AL.**                1:22-CV-157
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

Moreover, while the complaint alleges that the dispute involves electric services at an apartment complex, it does not provide the location of this complex. Without this information, the Defendants have been unable to determine whether West Virginia or Pennsylvania law applies to the Plaintiffs' claims and whether these claims have been filed in the proper venue.

Without a more definite statement of the Plaintiffs' claims, the Defendants cannot reasonably be expected to prepare a response. The Court therefore finds good cause to **GRANT** their motion for a more definite statement pursuant to Rule 12(e). But, at this time, the Court finds outright dismissal of the Plaintiffs' breach of contract and negligence claims against nTherm to be a drastic outcome and disproportionate to the defects in their complaint. Thus, the Plaintiffs shall have the opportunity to provide a more detail related to these claims prior to dismissal. The Plaintiffs shall re-file their complaint with a more definite statement of the supporting facts and allegations being made against each of the Defendants within fourteen (14) days.

## IV.  Conclusion

For the reasons stated, the Court:

(1)  **GRANTS** West Penn's motion for a more definite statement [ECF No. 4];

**WASHINGTON INVESTMENT, LLC ET AL.**                              **1:22-CV-157**
**V. NTHERM, LLC ET AL.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' RULE 12 MOTIONS**

    (2)   **GRANTS-IN-PART** nTherm's motion to the extent it seeks a more definite statement [ECF No. 9];

    (3)   **DENIES-IN-PART** nTherm's motion to the extent it seeks to dismiss the complaint [ECF No. 9]; and

    (4)   **DIRECTS** the Plaintiffs to re-file their complaint, more clearly pleading and defining their claims, within fourteen (14) days of the entry of this Order.

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

DATED: March 31, 2023

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA